UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

NINA JANEA LAING,                              :

               Plaintiff,             :       REPORT AND
                                                     RECOMMENDATION

          -against-                  :
                                               15 Civ. 1061 (AT) (GWG)

JOHN DOE et al.,
                                   :

               Defendants.
-----------------------------------------------------------------x

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

       Pro se plaintiff Nina Janea Laing brought this action pursuant to 42 U.S.C. § 1983, alleging that she was injured as a result of a fall sustained while exiting a "ferry bus" operated by the New York City Department of Transportation.  See Complaint, filed Feb. 11, 2015 (Docket # 2), at 3.  On March 30, 2015, Judge Torres ordered the New York City Law Department to ascertain the identities and service addresses of the two "John Doe" defendants and provide this information to plaintiff by May 29, 2015.  See Order, filed Mar. 30, 2015 (Docket # 5).  The Order directed plaintiff to file an amended complaint naming the "John Doe" defendants within 30 days of receiving this information.  See id.  On May 14, 2015, the New York City Law Department submitted a letter to the court (1) indicating that the New York City Department of Transportation does not operate a ferry bus, and thus one of the "John Doe" defendants could not be identified; and (2) providing the name and service address for the other "John Doe" defendant, the Commissioner of the New York City Department of Transportation.  See Letter addressed to Judge Analisa Torres from Anshel David, filed May 14, 2015 (Docket # 7).  The letter indicated that a copy had been sent to plaintiff by regular mail.  See id. at 1.  Assuming a period of three business days for the delivery of the letter, plaintiff's deadline for filing the amended complaint was June 17, 2015.  However, plaintiff never filed an amended complaint or requested an extension of the deadline to do so.

       On July 20, 2015, the Court issued an Order to Show Cause why the case should not be dismissed for failing to file the amended complaint as required by the March 30, 2015 Order.  See Order to Show Cause, filed July 20, 2015 (Docket # 8).  The Order to Show Cause required plaintiff to respond by affidavit or declaration by August 7, 2015.  See id. at 1.  It warned that if she did not do so, "the case may be dismissed for failure to prosecute." Id. (emphasis in original).  A paper copy of the Order to Show Cause was sent to plaintiff.  See id. at 2.  Plaintiff never filed a response, nor did she request an extension of time to do so.

       Fed. R. Civ. P. 41(b) provides in relevant part:

       If the plaintiff fails to prosecute or to comply with these rules or a court order, a

defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits.

A decision to dismiss an action for failure to prosecute "may be made <u>sua</u> <u>sponte</u>." <u>Spencer v. Doe</u>, 139 F.3d 107, 112 (2d Cir. 1998) (citing <u>Minnette v. Time Warner</u>, 997 F.2d 1023, 1027 (2d Cir. 1993)).  Although dismissal is "a harsh remedy to be utilized only in extreme situations," <u>United States ex rel. Drake v. Norden Sys., Inc.</u>, 375 F.3d 248, 254 (2d Cir. 2004) (quoting <u>Minnette</u>, 997 F.2d at 1027) (internal quotation marks omitted), "the authority to invoke it for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts," <u>Lyell Theatre Corp. v. Loews Corp.</u>, 682 F.2d 37, 42 (2d Cir. 1982).  "Dismissal of a <u>pro se</u> litigant's action may be appropriate 'so long as a warning has been given that non-compliance can result in dismissal.'"  <u>Agiwal v. Mid Island Mortg. Corp.</u>, 555 F.3d 298, 302 (2d Cir. 2009) (per curiam) (quoting <u>Valentine v. Museum of Modern Art</u>, 29 F.3d 47, 50 (2d Cir. 1994)).

A district court considering a dismissal pursuant to Rule 41(b) must weigh five factors:

(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

<u>Baptiste v. Sommers</u>, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam) (internal quotation marks and citation omitted).  No single factor is dispositive.  <u>Id.</u>

These factors strongly counsel in favor of dismissal.  This action has languished for two months without plaintiff taking the action required by her.  Any further delay is likely to cause prejudice to defendants as evidence becomes stale.  The Court has a strong interest in managing its docket.  While plaintiff has a right to be heard, she has now failed to comply with two orders of the Court.  In light of plaintiff's persistence in not complying with Court orders, the Court does not believe that any sanction other than dismissal is appropriate inasmuch as it is likely that plaintiff would ignore any order imposing a lesser sanction as well.  Finally, the Order to Show Cause warned plaintiff that failure to comply might result in dismissal of her case.  Accordingly, dismissal of this case is appropriate.  <u>See</u> <u>Ruzsa v. Rubenstein & Sendy Attys at Law</u>, 520 F.3d 176, 178 (2d Cir. 2008) (per curiam) ("[I]n light of [plaintiff's] failure to respond to the notice threatening dismissal, it is . . . unclear that a lesser sanction would have proved effective in this case.") (internal quotation marks omitted); <u>Peart v. City of New York</u>, 992 F.2d 458, 461-62 (2d Cir. 1993) (dismissal based on plaintiff's counsel's failure to appear for trial or to comply with court order directing her to submit certain pre-trial materials upheld where plaintiff's counsel "indisputably received . . . notice" that the case would be dismissed if the court's directive was not complied with); <u>Ayodele v. N.Y. Police Dep't</u>, 2008 WL 4831316, at *2-3 (S.D.N.Y. Nov. 10, 2008) (dismissal for failure to prosecute after plaintiff did not respond to discovery requests

for four months, and there was "no way to know when the plaintiff might reemerge and seek to revive this litigation").

It may be that Laing simply has not provided the Court with a current address and that, while not returned as undeliverable, the mail sent to the address she provided has not reached her.  But this failure too warrants dismissal, because a litigant is obligated to keep the Court informed of her whereabouts.  See, e.g., Pagan v. Westchester Cnty., 2014 WL 4953583, at *5 (S.D.N.Y. Oct. 1, 2014) ("[F]ailure to provide the Court with current contact information is alone a sufficient ground for dismissal.") (citation omitted); Dumpson v. Goord, 2004 WL 1638183, at *3 (W.D.N.Y. July 22, 2004) ("The demand that plaintiffs provide contact information is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit."); Dong v. United States, 2004 WL 385117, at *3 (S.D.N.Y. Mar. 2, 2004) ("[T]he very fact that [plaintiff] has been inaccessible for the last two months — without notifying the Court . . . of a change of address — strongly suggests that he is not diligently pursuing this claim.") (citation omitted); Ortiz v. United States, 2002 WL 1492115, at *2 (S.D.N.Y. July 11, 2002) (dismissal for failure to prosecute warranted "[b]ecause it is impossible to proceed with this case so long as plaintiffs [sic] whereabouts are not known").

For the foregoing reasons, this action should be dismissed pursuant to Rule 41(b) for failure to prosecute.

## PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) days including weekends and holidays from service of this Report and Recommendation to serve and file any objections.  See also Fed. R. Civ. P. 6(a), (b), (d).  Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Analisa Torres at 500 Pearl Street, New York, New York 10007.  Any request for an extension of time to file objections must be directed to Judge Torres.  If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal.  See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated:  New York, New York
        August 17, 2015

GABRIEL W. GORENSTEIN
United States Magistrate Judge

3